Ira M. Siegel, SBN 78142
email: irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel: 310-435-7656
Fax: 310-675-2187

Attorney for Defendant
White Castle Management, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| JIBJAB MEDIA, INC., <br><br>　　　　　Plaintiff <br><br>　v. <br><br> WHITE CASTLE MANAGEMENT CO. and DOES 1-10, <br><br>　　　　　Defendant. | CASE NO. CV 12-04178 MMM (JEMx) <br><br> DEFENDANT WHITE CASTLE MANAGEMENT CO.'S EX PARTE APPLICATION FOR ORDER VACATING ORDER SETTING CASE MANAGEMENT DATES (DOC. 24) <br><br> Date:　　　　To Be Set by Court <br> Time:　　　　To Be Set by Court <br> Courtroom:　780 (Roybal Building) <br> Judge:　　　Hon. Margaret M. Morrow |

　　Defendant White Castle Management Co. hereby applies for an order vacating the Order Setting Case Management Dates (Doc. 24) in view of Defendant's pending Renewed Motion to Dismiss for Lack of Personal Jurisdiction (Fed.R.Civ.P. 12(b)(2)).

　　The relevant procedural history of this action is as follows:

| Date | Event |
|---|---|
| May 14, 201 | Doc. 1--Complaint filed |
| May 21, 2012 | Doc. 4--Waiver of Service filed |
| August 17, 2012 | Doc. 10--Motion to Dismiss for Lack of Jurisdiction filed |
| May 14, 2013 | Doc. 18--Order Denying Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (with provision that "Defendants may renew their motion to dismiss if, after appropriate discovery, they can adduce evidence that they undertook the allegedly infringing activities without knowledge that JibJab was located in California") entered |

| | | |
|---|---|---|
| June 3, 2013 | Doc. 20--Defendant's Renewed Motion to Dismiss for Lack of Personal Jurisdiction (with hearing set for September. 9, 2013) filed | |
| June 12, 2013 | Doc. 24--Order Setting Case Management Dates entered | |
| June 12, 2013 | Doc. 25--Order/Referral to ADR Procedure No 2 entered | |
| June 27, 2013 | Doc. 26--Stipulation Regarding Selection of Panel Mediator (Les Weinstein) filed | |

As indicated above, Defendant's Renewed Motion to Dismiss is presently pending before the Court, supported by the declarations of the four White Castle Management Co. employees responsible for the marketing program at issue in this case. Defendant filed the Renewed Motion in view of the Court's indicated willingness to reconsider the personal jurisdiction issue if the record was supplemented with evidence with respect to Defendant's lack of knowledge as to the geographic location of JibJab's headquarters ((see Doc. 18, p. 16)):

> "Defendants may renew their motion to dismiss if, after appropriate discovery, they can adduce evidence that they undertook the allegedly infringing activities without knowledge that JibJab was located in California."

Defendant submits that litigation of this case in this District is an inappropriate burden upon Defendant when, as Defendant contends, this Court lacks jurisdiction over it. It follows, of course, that if the Court lacks jurisdiction over Defendant, litigation in this District is also an inappropriate burden on the schedule and resources of this Court.

To allow Plaintiff JibJab Media, Inc. the opportunity to confirm for itself that Defendant undertook the allegedly infringing activities without knowledge that JibJab was located in California, Defendant has agreed to cooperate in reasonable jurisdictional discovery as described in *Deckers Outdoor Corp. v. Turner*, No. CV10-7273 CAS, 2011 WL 781937, 2011 U.S. Dist. LEXIS 25510 (C.D. Cal. Feb. 28, 2011) (C.D. Cal. Feb. 28, 2011).

With the hearing on Defendant's Renewed Motion set for just over two months from now, there is sufficient time for jurisdictional discovery. One the other hand, vacating the current case management dates will, even if the Court were to find that it does have jurisdiction, not significantly further delay litigation of this case.

The Court is hereby informed that the parties do agree that regardless of where the pending dispute is litigated, mediation may be beneficial. In this regard, the parties have obtained the agreement of ADR panelist Les Weinstein to conduct a mediation session. Counsel for parties have agreed to aim for an early August mediation.

Defendant's counsel informed Plaintiff's counsel, Eric Hagen, in a telephone conference on June 24, 2013 that Defendant would be filing a motion or ex parte application for an order vacating the current case management dates. Plaintiff's counsel indicated that Plaintiff opposes vacating such dates, and would oppose such motion or ex parte application. Counsel for both parties expressed their desire for action by the Court with respect to such issue at the Court's earliest convenience.

In view of the foregoing, Defendant requests that the Court grant this Ex Parte Application.

Respectfully submitted,

Date: July 2, 2013

_/s/ Ira M. Siegel_
Ira M. Siegel, SBN 78142
email: irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:  310-435-7656
Fax:  310-657-2187

Attorney for Defendant
White Castle Management Co.

CV 12-04178 MMM (JEMx)            3            Defendant's Ex Parte Application
                                               For Order Vacating Case Management Dates