Ira M. Siegel, SBN 78142
email: irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel: 310-435-7656
Fax: 310-675-2187

Attorney for Defendant
White Castle Management, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| JIBJAB MEDIA, INC., <br><br> Plaintiff <br><br> v. <br><br> WHITE CASTLE MANAGEMENT CO. and DOES 1-10, <br><br> Defendant. | CASE NO. CV 12-04178 MMM (JEMx) <br><br> DEFENDANT WHITE CASTLE MANAGEMENT CO.'S REPLY IN SUPPORT OF EX PARTE APPLICATION FOR ORDER VACATING ORDER SETTING CASE MANAGEMENT DATES (DOC. 24) <br><br> Date: To Be Set by Court <br> Time: To Be Set by Court <br> Courtroom: 780 (Roybal Building) <br> Judge: Hon. Margaret M. Morrow |

Plaintiff JibJab Media in its Opposition it states that Defendant White Castle Management Co.'s Renewed Motion to Dismiss should not be heard because there was no additional meeting and conference as Plaintiff's claims is required by Local Rule 7-3. Plaintiff states that the conference that had been held by counsel in connection with the underlying motion did not address the arguments raised in the Renewed Motion to Dismiss. Defendant contends that there is no such requirement for an additional meeting. As pointed out in the Renewed Motion (Doc. 20),

> "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 9, 2012. As this is a renewed motion (made pursuant to the Court's ruling that Defendant may renew its motion (see Doc. 18, p. 16)), it is believed that a further conference is neither required nor would be helpful."

Further, the issue addressed in the Renewed Motion was considered by the Court and is the very issue that the Court indicated was open for further consideration.[1]

Plaintiff contends that the Renewed Motion should not be heard unless and until the parties and the Court grind through further litigation stages. Defendant contends that that is not even close to the spirit of the Court's Order (Doc. 18). As Defendant noted in its Memorandum supporting the Renewed Motion,

> The Court recognized, however, that its inference regarding WC Management Co.'s knowledge was based upon an incomplete record, and ruled as follows (see Doc. 18, p. 16):
>
> > "Defendants may renew their motion to dismiss if, after appropriate discovery, they can adduce evidence that they undertook the allegedly infringing activities without knowledge that JibJab was located in California. *Id.* at 1106 n. 34. Compare *Deckers Outdoor Corp. v. Turner*, No. CV10-7273 CAS, 2011 WL 781937, *3-5 (C.D. Cal. Feb. 28, 2011) ('Plaintiff does not allege that Defendant was aware that Plaintiff had its principal place of business in California. Plaintiff does not even allege that Defendant knew Plaintiff was the owner of the . . . trademark. . . . The court finds that it is appropriate to allow plaintiff to conduct jurisdictional discovery with respect to the question of defendant's knowledge that harm was likely to occur in California. At the conclusion of such discovery, plaintiff shall submit a supplemental brief . . . [and] Defendant shall then submit a response. . . . The Court will thereafter take the matter under submission')."

---

[1] If Plaintiff is implying that its position on the issue of jurisdiction has now changed, then it would follow that it should be seeking to dismiss this case without prejudice and/or seeking a stipulation to transfer this case to the Southern District of Ohio

Of course, the **only** discovery that would be adduced would be generated by White Castle Management Co., the only Defendant named (and served) in this action. Defendant White Castle Management Co. did in fact adduce such discovery, namely the Declarations of Blashford, Zvonek, Zuehlke and Clement (Docs. 20-2 - 20-5), which show that Defendant undertook the allegedly infringing activities without knowledge that JibJab was located in California. Defendant, of course, does not assert that Plaintiff should be foreclosed from taking discovery that would allow it to confirm the information set forth in the declarations. As the Court will appreciate, jurisdictional discovery (as described in *Deckers Outdoor* that the Court cited to the parties), can be conducted much more efficiently and expeditiously than broad stroke discovery--and would not impact on discovery limits such as posed by Fed.R.Civ.P. Rules 30(d)(1) and 33(a)(1) if the case does survive Defendant's jurisdictional challenge.

      Defendant contends that the Court cited *Deckers Outdoor* to provide guidance to the parties. Defendant has demonstrated that it undertook the allegedly infringing activities without knowledge that JibJab was located in California, and pursuant to the Court's Order (Doc. 18), its Renewed Motion should be heard.[2]

      Plaintiff also contends that Defendant should be required to file an answer, and that that answer was due on May 28, 2013. First of all, if an answer were due, Plaintiff has miscalculated the date that it would have been due. See, Fed.R.Civ.P. Rule 6(d).[3] Defendant submits that requiring filing an answer would be

---

[2] Plaintiff citing the Court's "later stage" wording argue that the Renewed Motion is premature. The Court's full "later stage" statement at pp. 17-18 of its Order (Doc. 18) is this:
> "White Castle may renew its objection to the exercise of personal jurisdiction by the court at a later stage of the proceedings if it can demonstrate that it did not know JibJab was a California-based company."

Defendant's Renewed Motion and supporting papers demonstrate that Defendant did not know JibJab was a California-based company, and this is a "later stage" of the proceedings.

[3] It appears that both parties miscalculated the due date. Plaintiff's calculation ignores the three days of additional time permitted by Rule 6(d). The undersigned also miscalculated the due date by one day, believing that if any answer were due, it was after the June 1-2 weekend.

1  inappropriate in view of Defendant's prompt collection evidence by declarations
2  and renewal of its motion, as expressly suggested by the Court, and Defendant's
3  demonstration in its renewed motion that it had no knowledge that Plaintiff was
4  located in California.

5  Plaintiff's contention that Defendant is obstructing merits discovery is itself
6  without merit.

7  At Plaintiff's request, Defendant waived service of process. Plaintiff's
8  request meant that Defendant's response to the filing of the Complaint was not due
9  for 60 days. Plaintiff then graciously (and consistent with section 2 of the Central
10 District's Civility and Professionalism Guidelines and with Local Rule 8-3)
11 extended that due date by 30 days.

12 Defendant filed the underlying motion and set its hearing for the earliest date
13 then available. Defendant has renewed its motion and set its hearing date for the
14 earliest available date taking into account that Plaintiff should be allowed time to
15 take, if it desires, jurisdictional discovery. No obstruction of discovery is taking
16 place. Of course, Plaintiff should not be allowed to take merits discovery under
17 the aegis of this Court if the Court lacks jurisdiction over Defendant.[4]

---

[4] Plaintiff's comment regarding merits based discovery and the planned mediation is baseless. The parties so far agree that mediation should take place **BEFORE** expensive litigation (including obviously discovery) occurs. See this email message from Plaintiff's counsel to Defendant's counsel:

    From: "Hagen, Eric" <EHagen@mwe.com>
    Date: July 2, 2013 1:35:27 PM PDT
    To: Ira Siegel <irasiegel@earthlink.net>
    Cc: "LeFort, Vanessa" <Vlefort@mwe.com>
    Subject: RE: Draft Ex Parte Application to Vacate Scheduling Order
    Hi Ira,
    ***
    I agree we should set up a mediation date this summer. Do you have any proposed dates? JibJab's CEO is traveling most of this month, so I would suggest we aim for early August.
    * * *
    Eric
    Eric W. Hagen
    McDermott Will & Emery LLP

In view of the foregoing and Defendant's Ex Parte Application, Defendant requests that the Court grant this Ex Parte Application.  (Along with this Reply Defendant is submitting a new Proposed Order that specifies that jurisdictional discovery, consistent with *Deckers Outdoor*, may be conducted and that an answer to the Complaint is not required until after Defendant's Renewed Motion is ruled upon.)

Respectfully submitted,

Date:  July 3, 2013

*/s/ Ira M. Siegel*

Ira M. Siegel, SBN 78142
email:  irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:   310-435-7656
Fax:   310-657-2187

Attorney for Defendant
White Castle Management Co.