Ira M. Siegel, SBN 78142
email: irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel: 310-435-7656
Fax: 310-675-2187

Attorney for Defendant
White Castle Management Co.

Eric W. Hagen, SBN 192340
ehagen@mwe.com
Vanessa I. Lefort, SBN 260687
vlefort@mwe.com
McDERMOTT WILL & EMERY LLP
2049 Century Park East, 38th Floor
Los Angeles, California 90067-3218
Tel: 310-277-4110
Fax: 310-277-4730

Attorneys for Plaintiff
JibJab Media Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

JIBJAB MEDIA, INC.,

Plaintiff

v.

WHITE CASTLE MANAGEMENT CO. and DOES 1-10,

Defendant.

CASE NO. CV 12-04178 MMM (JEMx)

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION PROVIDED DURING DISCOVERY

Fact Discovery Cutoff Date: December 6, 2013
Pretrial Conference Date: March 17, 2014
Trial Date: April 15, 2014

Magistrate Judge: Hon. John E. McDermott

WHEREAS, the parties in the above captioned lawsuit believe that in the course of discovery in this lawsuit it likely will become necessary to disclose or produce certain documents, information (regardless of how generated, stored or maintained) or tangible things, including financial information, invoices, commercial invoices, purchase orders, packing lists, bills of lading, customer lists, customer lists, marketing plans, product development information, product development plans, third party agreements and similar documents that qualify for

protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure that a Producing Party in good faith believes contain information of a confidential, proprietary, and/or private nature;

WHEREAS, the parties to this lawsuit assert that public dissemination and disclosure of such Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

WHEREAS, counsel for the party or parties receiving Confidential Information may not presently have sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

WHEREAS, upon agreement of the parties, to protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order is issued:

THE PARTIES HEREBY STIPULATE that a Confidential Protective Order embodying the following terms should be entered. Good cause exists to grant this stipulation to facilitate discovery in this lawsuit without jeopardizing the confidential and/or proprietary nature of information to be produced during discovery.

The terms of the Confidential Protective Order as stipulated to by the parties are a follows:

1. “Confidential Information” is defined as financial information, invoices, commercial invoices, purchase orders, packing lists, bills of lading, customer lists, customer lists, marketing plans, product development information, product development plans, third party agreements, and similar information insofar as they qualify for protection under standards developed under Rule 26(c) of the

Federal Rules of Civil Procedure (specifically excluding documents, information or tangible things that are available to the public). Except as otherwise indicated below, all documents, discovery responses or depositions containing Confidential Information disclosed, produced or provided by any party during discovery in this litigation may be designated by the producing party as "Confidential" or "Confidential - Attorneys' Eyes Only", as described below, are entitled to confidential treatment as described herein.

2. The "Confidential -- Attorneys' Eyes Only" designation shall be limited to documents, discovery responses or depositions containing Confidential Information that the Producing Party reasonably and in good faith believes is competitively sensitive and the disclosure of which to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. A Producing Party shall only designate as "Confidential - Attorneys' Eyes Only" such information or material the disclosures of which the Producing Party in good faith reasonably considers would be detrimental to its business if known by a competitor of the Producing Party. It includes, without limitation, information that the Producing Party reasonably and in good faith believes constitutes or relates to: (1) trade secrets or other confidential proprietary information; (2) current business/strategic plans; (3) technical product specifications and information; (4) sales, cost and price information, including future sales/financial projections; (5) nonpublic marketing information, including future marketing plans; (6) detailed sales and financial data; (7) the identity of customers and customer lists; (8) confidential agreements or relationships with third parties; (9) licenses and licensing negotiations; (10) materials that a party is under a pre-existing obligation to a third party to treat as confidential; or (11) other information of competitive, technical, financial or commercial significance comparable to the items listed in this paragraph.

3. Confidential Information shall not include: (a) published advertising materials; or (b) materials that on their face show that they have been published to the general public.

4. At any time after the delivery of Confidential Information, counsel for the party or parties receiving the Confidential Information may challenge the "Confidential" or "Confidential — Attorneys' Eyes Only" designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Confidential Information. If the parties are unable to agree as to whether the confidential designation (including the level of confidential treatment) of discovery material is appropriate, the party or parties challenging the designation may file a motion with the Court, seeking such relief with regard to any Confidential Information in dispute as appropriate pursuant to Local Rule 37. The party or parties producing the Confidential Information shall have the burden of establishing that the disputed Confidential Information is entitled to confidential treatment and the level of confidential treatment, i.e., "Confidential" or "Confidential — Attorneys' Eyes Only." All Confidential Information is entitled to confidential treatment pursuant to the terms of this Order unless and until the producing party formally agrees in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of the Confidential Information is entitled to confidential treatment.

5. Confidential Information shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

6. Confidential Information shall be used solely for the prosecution and/or defense of this litigation. Confidential Information shall be disclosed only to the following persons ("Qualified Persons"):

(a) Confidential Information marked "Confidential — Attorneys' Eyes Only" shall be disclosed only to: (1) outside counsel

who are counsel of record in this action and subject to the jurisdiction of this Court and associates, employees and support personnel (e.g. paralegals, secretaries and assistants) of such outside counsel assigned to and necessary to assist such outside counsel in the preparation and trial of this action, persons or entities providing litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstratives, organizing, storing, retrieving data in any form or medium) and jury consultants, retained by a party in connection with this action, and their employees and subcontractors; (2) the Court and its personnel; (3) court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for the litigation; (4) the author or recipient of the Confidential Information; and (5) actual or potential independent technical experts or consultants and their support staff who are retained by a party or its outside trial counsel for purposes of this action and who are not currently employed by any of the parties or their competitors. Such retained persons shall include technical experts, damages experts, accountants, statisticians, economists or other experts who have signed an acknowledgment in the form of Exhibit A attached hereto ("Retained Expert"). At least ten (10) days prior to such access, the original of such acknowledgment shall be provided to counsel for the party which designated the information confidential along with the curriculum vitae of the proposed retained expert. Unless counsel for the party whose Confidential Information is sought to be disclosed shall notify proposing counsel of its objections to disclosure of Confidential Information to any person proposed hereunder and the reasons therefor within ten (10) business days after receipt of the acknowledgment of Exhibit A for that person, such proposed

disclosure of Confidential Information may be made, subject to the conditions set forth herein. Should counsel for the party whose Confidential Information is sought to be disclosed notify proposing counsel of its objection to disclosure to any person proposed hereunder, Confidential Information shall not be disclosed to such person. The parties shall first attempt in good faith to resolve such request by negotiation and, if such efforts are unsuccessful, then proposing counsel may thereafter seek leave of Court to permit the requested disclosure of Confidential Information. Any Retained Expert who has executed Exhibit A shall be treated as subject to this Protective Order. A willful violation of any material term of this Protective Order by any such Retained Expert may be punishable as contempt of court. The signed acknowledgment of any testifying expert shall be served on all parties at the time such expert is designated in accordance with the Docket Control Order in this case. The party in receipt of the notice agrees that it will not depose or interview such expert or consultant until and unless the expert is identified as a declarant or designated as a testifying expert by the party proposing the disclosure, and that such identification or designation must be timely made in accordance with the applicable rules of procedure; provided, however, nothing herein shall prevent a party from seeking leave of Court to depose or interview such expert or consultant.

(b) In addition to the persons listed in (a) above, Confidential Information marked only as "Confidential" may be disclosed to each of the parties, the respective in-house attorneys for each of the parties and to employees of the party receiving the Confidential Information to whom it is reasonably necessary that the material be shown for

purposes of this litigation, provided that each such person has executed an acknowledgment in the form attached hereto as Exhibit A, which executed form shall be served on all parties prior to disclosure of any Confidential Information to the person signing the acknowledgment.

(c) Confidential Information marked "Confidential" or "Confidential - Attorneys' Eyes Only" may be disclosed to any person who appears as an author or addressee on the face of the document or to any officer, director, managing agent or attorney of the party producing the document.

7. A party that seeks to file under seal any Confidential Information must comply with Local Civil Rule 79-5. This Protective order creates no entitlement to file Confidential Information under seal. The parties agree that any pleading, affidavit, brief or other document or thing referring to, containing or embodying Confidential Information or any portion thereof that is to be filed in this action shall be filed in sealed envelopes or other sealed containers only with leave of Court. When the only document to be filed under seal that refers to, contains or embodies Confidential Information or any portion thereof is an exhibit, only the exhibit will be filed under seal. Such sealed envelope or container shall bear the caption of the case, identify the contents for docketing purposes and bear a statement substantially in the following form:

CONFIDENTIAL

Filed under Protective Order.
This envelope is not to be opened
nor the contents thereof displayed or revealed
except by order of the Court or by agreement of the parties.

If the Court does not grant leave to file certain Confidential Information under seal, a party may file and/or lodge the Confidential Information in the public record after providing the Producing Party with the opportunity to seek a protective

order. Outside attorneys of record for the respective parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other Confidential Information filed with the Court upon termination of this litigation. No Confidential Information or copies thereof so filed shall be released except by order of this Court or in accordance with applicable rules.

8. Documents, things or information produced at or during a deposition may be designated as "Confidential" or "Confidential - Attorney's Eyes Only" by stating on the record during the deposition that the document(s), thing(s) (for example, an exhibit) or information (for example, testimony) is "Confidential" or "Confidential - Attorney's Eyes Only" in whole or in part. Documents, things or information not designated on the record of the deposition as "Confidential" or "Confidential - Attorney's Eyes Only" may thereafter be designated as "Confidential" or "Confidential - Attorney's Eyes Only" by notifying the other party in writing, within thirty (30) days of the taking of the deposition or within thirty (30) days of the receipt of the transcript of such deposition, that the document(s), thing(s) or information is "Confidential" or "Confidential - Attorney's Eyes Only" or that specific part(s) of the document(s), thing(s) or information is (are) "Confidential" or "Confidential - Attorney's Eyes Only". In the case of depositions, designation of the portion of the transcript shall be made by separately listing the numbers of the lines and pages of the transcript containing the Confidential Information and delivering copies of the list to all counsel subject to this Order. Each party shall attach a copy of any such written notification to the face of the deposition transcript and each copy thereof in its possession, custody or control. All documents, things and information not previously designated as "Confidential" or "Confidential - Attorney's Eyes Only" during the deposition shall be treated as "Confidential - Attorney's Eyes Only" up through and including the period of thirty (30) days after a transcript of said deposition is received. Unless designated as "Confidential" or "Confidential - Attorney's Eyes Only"

under the procedures set forth above, the documents, things and information not previously designated as "Confidential" or "Confidential - Attorney's Eyes Only" but produced or disclosed at or during a deposition, shall not be treated as "Confidential" or "Confidential - Attorney's Eyes Only" under this Protective Order.

9. When the producing party gives notice to the receiving party that, during an oral deposition, "Confidential -Attorneys Eyes Only " documents, things or information are expected to be produced, used or discussed during the deposition, then only Qualified Persons (as defined in paragraph 6(a)) of the receiving party will be allowed to attend that portion of the deposition.

10. When the producing party gives notice to the receiving party that, during an oral deposition, "Confidential" documents, things or information are expected to be produced, used or discussed during the deposition, then only Qualified Persons (as defined in paragraph 6(b)) of the receiving party will be allowed to attend that portion of the deposition.

11. Depositions or portions thereof which contain Confidential Information designated as "Confidential" or "Confidential - Attorneys' Eyes Only" as set forth above shall be separately bound in a confidential volume and shall, if required, be separately filed as provided herein so as to distinguish such confidential deposition or confidential portions thereof from non-confidential public depositions or public portions thereof.

12. Any discovery documents produced in this litigation may be later designated as "Attorney-Client Privileged" or "Attorney Work Product" promptly upon discovery by the producing party that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to have occurred. Upon such designation, the receiving attorney promptly shall make best efforts to collect all copies of the documents and return them to the producing party. In the event that

the receiving attorney believes in good faith that the producing party cannot properly assert any privilege or immunity with respect to the documents, the receiving attorney must notify the designating attorney in writing. The designating party shall, within ten (10) days of such notice, initiate the procedures set forth in Local Rule 37 for filing discovery motions and file a motion to establish that the material is attorney-client privileged; otherwise, the claim of privilege shall be deemed waived.

13. The term “copy” as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

14. In the event that the case proceeds to trial, the parties shall include with their proposed pretrial order a proposed order, for the Court's approval, for the handling of Confidential Information during and after trial.

15. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Confidential Information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

16. If timely corrected, an inadvertent or unintentional production of documents or information containing Confidential Information which is not designated “Confidential” or “Confidential - Attorneys’ Eyes Only” shall not be deemed a waiver in whole or in part of a claim for confidential treatment. If Confidential Information is appropriately designated as “Confidential” or “Confidential - Attorneys’ Eyes Only” after it is initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with this Order.

17. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the party which designated the information confidential of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to Be Bound" that is attached hereto as Exhibit A.

18. If during the course of this litigation, a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the party which designated the information confidential, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the party which designated the Confidential Information in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The party which designated the Confidential Information shall bear the burden and expense of seeking protection in that court of its Confidential Information – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

19. Discovery of non-parties to this action (i.e., "third parties") may involve receipt from such third parties of materials, including but not limited to information, documents, objects or testimony which include or contain "Confidential" or "Confidential - Attorneys' Eyes Only" information. A third party providing such information in this case may designate as "Confidential" or "Confidential - Attorneys' Eyes Only" some or all of the materials it produces in the same manner as provided for in this Order with respect to materials furnished by or on behalf of the parties to this action. All documents and other materials produced by third parties shall be deemed "Confidential - Attorneys' Eyes Only" for a period of 10 business days from their production, and during that period any party may designate as "Confidential" or "Confidential - Attorneys' Eyes Only" any or all of such materials, whether or not the producing third party has also so designated. Third party materials designated as "Confidential" or "Confidential - Attorneys' Eyes Only" by a non-party or party shall be governed by the terms of this Protective Order.

20. This Confidential Protective Order only applies to Confidential Information exchanged in discovery and other proceedings before the Court.

21. Within ninety (90) days of the termination of this action by dismissal, judgment, or settlement, including all appeals, counsel for the party or parties receiving Confidential Information shall return the Confidential Information to the counsel for the party or parties disclosing or producing the Confidential Information. In lieu of returning Confidential Information, counsel for the party or parties may destroy the Confidential Information and provide to the counsel for the party or parties disclosing or producing the Confidential Information a statement that the Confidential Information was destroyed. The party or parties receiving the Confidential Information shall keep their attorney work product which refers or relates to any Confidential Information. Attorney work product may be used in subsequent litigation provided that such use does not disclose Confidential

Information or any such information contained therein. However, outside counsel for each party may retain, for archival purposes only, one (1) set of all Court filings, discovery requests, discovery responses, deposition transcripts and exhibits thereto, trial exhibits, a copy of the record on appeal, and attorney correspondence, which may contain the other party's Confidential Information.

22. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

23. This Confidential Protective Order shall apply to the parties to this litigation. This Confidential Protective Order shall also apply to any non-party from whom discovery may be sought and who desires protection for the discovery sought, provided the non-party signs onto this Confidential Protective Order. Thus, any non-party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Confidential Protective Order once that non-party signs the Agreement to Be Bound by Confidential Protective Order attached hereto as Exhibit A.

**IT IS SO ORDERED.**

Date: AUGUST 14, 2013

John E. McDermott

Hon. John E. McDermott
United States Magistrate Judge

Respectfully submitted,

[*Signatures of Counsel for the Parties Follows on Next Page*]

/s/Ira M. Siegel
Ira M. Siegel, SBN 78142
email: irasiegel@earthlink.net
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel: 310-435-7656
Fax: 310-675-2187

Attorney for Defendant
White Castle Management Co.

Date: August 13, 2013

/s/Eric W. Hagen
Eric W. Hagen (SBN 192340)
email: ehagen@mwe.com
Vanessa I. Lefort (SBN 260687)
email: vlefort@mwe.com
McDERMOTT WILL & EMERY LLP
2049 Century Park East, Suite 3800
Los Angeles, CA 90067-3218
Telephone: 310.277.411 0
Facsimile: 310.277.4730

Attorneys for Plaintiff
JibJab Media Inc.

Date: August 13, 2013

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| JIBJAB MEDIA, INC., Plaintiff<br>v.<br>WHITE CASTLE MANAGEMENT CO. and DOES 1-10,<br>Defendant. | CASE NO. CV 12-04178 MMM (JEMx)<br>DECLARATION AND AGREEMENT ACKNOWLEDGING DECLARANT'S BEING SUBJECT TO PROTECTIVE ORDER |

I, _______________________, have read the Protective Order entered in the above-identified case and agree to be bound by the terms thereof. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California in connection with any allegation of breach of the Protective Order.

Executed under penalty of perjury under the laws of the United States of America this

___ day of ______________, 201__, at ____________________, ______________.
City State

_____________________________________

Print name: ______________________, Declarant

# Exhibit A to Protective Order